1  John E. Sweeney (SBN 116285)
   Angela M. Powell (SBN 191876)
2  **THE SWEENEY FIRM**
   315 South Beverly Drive, Suite 305
3  Beverly Hills, California 90212
   Telephone:  (310) 277-9595
4  Facsimile:   (310) 277-0177
   Email:       jes@thesweeneyfirm.com
5              amp@thesweeneyfirm.com

6  Attorneys for PLAINTIFFS

7
                     **UNITED STATES DISTRICT COURT**
8
             **EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION**
9

| | |
|---|---|
| 10  KEIDRON DAVIS, a minor, by and through his guardian ad litem REBECCA CRYER; SHIANNE DAVIS, a minor, by and through her guardian ad litem REBECCA CRYER, KAREEM DAVIS, a minor by and through his guardian ad litem, NALIN AVILA, CEDRIC DAVIS, JR. a minor by and through his guardian ad litem, SHANTEE ALEXANDER; TASHIYA DAVIS, a minor by and through her guardian ad litem, SHANTEE ALEXANDER, | CASE NO.: 07-0180 OWW (sms) **SECOND AMENDED COMPLAINT FOR DAMAGES** 1. **Violation of Civil Rights and Conspiracy to Violate Civil Rights [42 *U.S.C.* 1983]** 2. **Wrongful Death** |
| *Plaintiffs*, v. | **JURY DEMAND** |
| MERCED COUNTY; MERCED COUNTY JAIL; MERCED COUNTY SHERIFF'S DEPARTMENT; T. ADAMS ARELLANO, NO. 5332; L. BARRON, NO. 5361; R. BLODGETT, NO. 5316; B. GRIFFITH, NO. 5313; L. HALFORD, NO. 5365; E. KIDD, NO. 5372; J. MESSICK MELO, NO. 5346; J. MILLER, NO. 5355; V. MOCKUS, NO. 5376; B. MUNGUIA, NO. 5373; A. MURILLO, NO. 5353; ALEXANDER NGO, NO. 5340; R. NORRIS, NO. 5386; MARK PACE, NO. 5320; R. ROMERO, NO. 5317; M. SALACUP, NO. 5375; B. SHAMBAUGH, NO. 5358; F.SWAFFORD, NO. 5390; R. THORSEN, NO. 5106; C. TILLEY, NO. 5328; M. VERGARA, NO. 5378; J. WATTERS, NO. 5366; AND DOES 1 through 50, inclusive, | |
| *Defendants*. | |

-1-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## JURISDICTION AND VENUE

1. Jurisdiction is vested in this Court under Title 28 Section 1343(3)(4) of the *United States Code* for a violation of the 1971 *Civil Rights Enforcement Act*, as amended, including Title 42 Section 1983 and Sections 1331 and 1367(a) of the *United States Code*.

2. Venue is proper in the Eastern District of California, Fresno Division, under Title 28 Section 1391(a)(b) of the *United States Code*.

## PARTIES

3. KEIDRON DAVIS and SHIANNE DAVIS are residents of the State of California. REBECCA CRYER is the natural mother of the minor plaintiffs and brings this action as guardian ad litem for the minor children, KEIDRON DAVIS and SHIANNE DAVIS.

4. Plaintiff KEIDRON DAVIS is the surviving son of decedent CEDRIC DAVIS.

5. Plaintiff SHIANNE DAVIS is the surviving daughter of decedent CEDRIC DAVIS.

6. Plaintiff KAREEM DAVIS, originally named as a defendant, is the surviving son of decedent CEDRIC DAVIS.

7. Plaintiff, CEDRIC DAVIS, JR., originally named as a defendant, is the surviving son of decedent CEDRIC DAVIS.

8. Plaintiff, TASHIYA DAVIS, originally named as a defendant, is the surviving daughter of decedent CEDRIC DAVIS.

9. Defendant MERCED COUNTY (hereinafter "COUNTY") is a municipal corporation, organized and existing under the laws of the State of California, and is the public employer of the law enforcement officers named as

**SECOND AMENDED COMPLAINT FOR DAMAGES**

1  defendants in this action.

2     10.      Plaintiffs are informed and believe and thereon allege that at all times mentioned herein, defendants, and DOES 1 through 50, were each residents of Merced County.

   11.      At all relevant times mentioned herein, defendants, T. Adams Arellano, No. 5332; L. Barron, No. 5361; R.Blodgett, No. 5316; B. Griffith, No. 5313; L. Halford, No. 5365; E. Kidd No.. 5372; J. Messick Melo No. 5346; J. Miller, No. 5355; V. Mockus, No. 5376; B..Munguia, No. 5373; A. Murillo, No. 5353; Alexander Ngo, No. 5340; R. Norris, No.5386; Mark Pace, No. 5320; R. Romero, No. 5317; M. Salacup, No. 5375; B. Shambaugh, No. 5358; F.Swafford, No. 5390; R. Thorsen, No. 5106; C. Tilley, No. 5328; M. Vergara, No. 5378; J. Watters, No. 5366 Officers and DOES 1 through 50, were each employed as sworn law enforcement officers by defendant COUNTY, and are being sued in both their individual and official capacities.

   12.      Plaintiffs are unaware of the true names and capacities of those sued herein as unknown other named defendants.  Plaintiffs will amend this complaint to allege said defendants' true names and capacities when that information becomes known to them.

   13.      Plaintiffs are informed, believe and thereon allege that these unknown other named defendants are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said injuries and damages by reason of negligence, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incident, conditions and circumstances hereinafter set forth, or by reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

-3-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

14. Each of the individual defendants sued herein is sued both in his individual and personal capacities, as well as his official capacity.

15. Plaintiffs are informed and believe and thereon allege that at all times herein mentioned each of the defendants was the agent and/or employee and/or co-conspirator of each of the remaining defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other co-defendants.

## FACTS COMMON TO ALL COUNTS

16. This complaint concerns an incident which took place between March 9, 2006 and March 11, 2006 at the Merced County jail, in Merced, California, where decedent Cedric Davis was an inmate.

17. On or about March 9, 2006, Davis was in Dorm 503. Deputy Miller heard Davis knock at the door. Deputy Miller opened the door and Davis stated, "I can't breathe...I'm having trouble."

18. Deputies Halford and Ngo arrived at the dorm. Davis told the deputies that he was concerned about being the only African-American in his dorm. He requested that he be housed in another dorm. Davis continuously repeated that he did not feel good, due largely to the fact that he felt a lot of apprehension about being the only African-American in his dorm. The deputies escorted Davis to the medical facility.

19. The medical staff gave Davis clearance to go back to the dorm. Davis was placed in Cell 195.

20. On or about March 10, 2006, a decision was made to transport Davis to the main jail. Deputy Miller was not able to get Davis to come to the door to be handcuffed and transported to the main jail.

21. Deputy Norris struck Davis with his taser to the middle of Davis' back. Davis fell to the ground on his stomach.

-4-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

22. Deputy Blodgett knelt down on Davis' back, Deputy Mockus restrained Davis' legs and Deputies Kidd and Vergara restrained Davis' arms.

23. A struggle took place and Deputy Norris struck Davis with his taser gun to Davis' buttocks and then to his shoulder.

24. A belly chain was placed on Davis. A shackle from Davis' hand to his leg was placed on him as he was escorted to the van for transportation to the main jail. Once Davis arrived at the main jail, Deputies Swafford, Shambaugh, Butler and Arellano escorted Davis to the medical facility. R.N. Janel told the deputies that the doctor would not be able to examine Davis until the next day. The medical staff checked Davis' vital signs.

25. The deputies decided to remove Davis' belly chain because he had been calm for three hours. First, they removed Davis' handcuffs. A struggle ensued and Deputy Blodgett struck Davis with his taser gun to Davis' back. Then Deputy Blodgett struck Davis twice with a closed fist to Davis' head. Deputy Shambaugh struck Davis with his taser gun to Davis' rib cage. Deputy Butler struck Davis with his taser gun to Davis' forearm. The deputies then placed the handcuffs back on Davis.

26. Twenty-four hours after the hand, leg and belly restraints had been placed on Davis, Deputies Tilley, Vergara, Romero, Munguia, Ngo and Salacup went into his cell to remove them and place him in a restraint chair. Deputies began to spray a chemical agent to Davis' face. Deputies then struck Davis with a closed fist. Shortly thereafter, Davis' head leaned back, his eyes rolled upward and the deputies did not detect a pulse. Davis was transported to Mercy Hospital where he was later pronounced dead.

///
///
///
///

**SECOND AMENDED COMPLAINT FOR DAMAGES**

# FIRST CAUSE OF ACTION

## CIVIL RIGHTS VIOLATION [42 *U.S.C.* 1983]

### (Against all DEFENDANTS by all Plaintiffs)

27. Plaintiffs restate the allegations contained in Paragraphs 1 through 26 as though fully set forth herein.

28. This cause of action is to redress the deprivation under color of statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege, and immunity secured to Cedric Davis by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

29. At all times mentioned herein, defendant MERCED COUNTY employed the individual defendants herein. Defendant MERCED COUNTY provided its individual defendant employees and agents with official badges and identification cards which designated and described the bearers as employees of Merced County.

30. During all times mentioned herein, the individual defendants, and each of them, separately and in concert, acted under color and pretense of law, under color of the statutes, ordinances, regulations, policies, processes, customs and usages of Merced County. Each of the individual defendants here, separately and in concert, deprived plaintiffs of the rights, privileges and immunities secured to them by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

31. Plaintiffs are informed, believe and thereon allege that on and between March 9, 2006 and March 11, 2006, officers of the Merced County Sheriff's Department fatally assaulted and killed Cedric Davis, as previously described above, all of which constituted deadly, excessive, unjustifiable and unreasonable force in violation of and with deliberate indifference to Cedric Davis' constitutional right to be free from unreasonable searches and seizures, and his due process rights to be free from arbitrary deprivations of life, liberty, property and the pursuit of

**SECOND AMENDED COMPLAINT FOR DAMAGES**

happiness. By causing the death of Cedric Davis, these actions additionally violated all of plaintiffs' Fourteenth Amendment rights to substantive due process and privacy, as well as their right to associate with their father, and their right to enjoy the care, companionship, familial relationship, society and support of their father, and their right to be free from arbitrary and unreasonable government intrusion into their family unit, which defendants, and each of them, intruded upon with deliberate indifference when they used deadly and excessive force upon Cedric Davis.

32. The above articulated constitutional violations were proximately caused by Merced County's deliberate indifference to the maintenance, training and control of its officers, and the constitutional violations set forth above were proximately caused by the customs, practices, policies and decisions of defendant MERCED COUNTY, and the Merced County Sheriff's Department including, but not limited to, inadequately training and supervising employees of the Merced County Sheriff's Department with respect to the use of force and the proper procedure for restraining and detaining individuals.

33. Plaintiffs are informed and believe, and thereupon allege, that before March 9, 2006, Merced County and the Merced County Sheriff's Department hired, trained, supervised, employed and/or managed the individual defendant officers with conscious disregard and deliberate indifference to the constitutional rights of third parties, in that it was plainly obvious to Merced County and the Merced County Sheriff's Department that these officers were dangerous and violent employees, prone to assault and batter persons and/or use unnecessary, unreasonable, deadly and/or unlawful physical force without reasonable justification. Since adequate scrutiny of these individual defendants' backgrounds would have led reasonable policymakers within Merced County and the Merced County Sheriff's Department to conclude that the plainly obvious consequence of the decision to hire these individual defendants would be the deprivation of a third

**SECOND AMENDED COMPLAINT FOR DAMAGES**

party's Fourth Amendment rights to be free from unreasonable and excessive force, Merced County and the Merced County Sheriff's Department were deliberately indifferent to plaintiff's federally protected rights when the individuals named herein were hired.

34. That as set forth in the foregoing paragraphs of this complaint, the officers' assaulting of Cedric Davis was an unconstitutional display of unreasonable, excessive and deadly force, which violated Cedric Davis' right to be free from unreasonable seizures. Plaintiffs are informed and believe, and thereupon allege, that the details of this incident have been revealed to the authorized policymakers within Merced County and the Merced County Sheriff's Department, and that such policymakers have direct knowledge of the fact that the assault and unlawful use of force and deliberate indifference to Cedric Davis' medical condition was not justified, but rather represented an unconstitutional display of unreasonable, excessive and deadly force. Notwithstanding this knowledge, the authorized policymakers within Merced County and the Merced County Sheriff's Department have approved of the officers' unjustifiable assault and battery of Cedric Davis, and made a deliberate choice to endorse the Merced County Sheriff's Department's assault and battery and consequent asphyxiation of Cedric Davis, and the basis for that assault and battery and ensuing asphyxiation. By so doing, the authorized policymakers within Merced County and the Merced County Sheriff's Department had shown affirmative agreement with the individual defendant officers' actions, and had ratified the unconstitutional acts of the individual defendant officers.

35. Despite the fact that Merced County knew or should have known of the fact that these acts, omissions, decisions, practices, customs and policies, both formal and informal, were being carried out by its agents and employees, of Merced County has taken no steps or efforts to order a halt to this course of conduct, nor to make redress to this plaintiff or other civilian citizens injured

**SECOND AMENDED COMPLAINT FOR DAMAGES**

thereby, and has failed to take any disciplinary action whatsoever against of its employees or agents.

36. The above acts or omissions of the defendants were undertaken while under color of state law and resulted in a violation of plaintiffs' constitutional rights, as stated herein. Likewise, the customs, practices, policies and decisions of Merced County alleged herein and as applied to Cedric Davis, resulted in the violation of plaintiffs' constitutional rights.

37. Plaintiffs had a liberty interest to the life of their father and the right not to be deprived of liberty or property without due process of law. This right and privilege is secured to plaintiffs by the provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 *U.S.C.* 1983. This interest was breached by the wrongful conduct of the defendants which proximately caused Cedric Davis's death. Plaintiffs had a Fourteenth Amendment right to substantive due process privacy, as well as a fundamental right to associate with their father, and a right to enjoy the care, support, companionship, familial relationship and society of their father, and a right to be free from arbitrary and unreasonable government intrusion into his family unit. All of these rights and privileges are secured to all plaintiffs by the provisions of the Fourth Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution, and by 42 *U.S.C.* 1983. All of these interests were implicated by the wrongful conduct of defendants which proximately caused the death of Cedric Davis.

38. Each of the individual defendants acted in concert, acted outside the scope of his or her jurisdiction and without authorization of law, and each of the individual defendants, separately and in concert, acted wilfully, knowingly and with reckless disregard and deliberate indifference to the known consequences of their acts and omissions and purposefully with the intent to deprive plaintiffs and plaintiffs' decedent of their federally protected rights and privileges and did, in fact,

**SECOND AMENDED COMPLAINT FOR DAMAGES**

violate those rights and privileges, entitling plaintiffs to punitive and exemplary damages in an amount to be proven at the trial of this matter.

39. As a direct and proximate result of the aforesaid acts, omissions, customs, practices, policies and decisions of the defendants, and each of them, plaintiffs have suffered great mental and physical pain, suffering, anguish, anxiety, grief, shock, humiliation, indignity, embarrassment, loss of love, comfort, society, solace and support, all to their damage in a sum to be determined at trial.

40. Additionally, plaintiffs have been forced to incur substantial amounts for attorneys' fees, investigations, expenses, and other costs in the prosecution of the above-articulated constitutional violations.

41. As a result of these acts, plaintiffs have lost future wages resulting from the loss of the support and services of decedent Cedric Davis in an amount to be determined according to proof at time of trial.

42. As a direct and proximate result of the aforementioned conduct, plaintiffs sustained emotional injuries and were required to and did employ physicians and surgeons to examine, treat and care for them and incurred medical expenses for said treatment in an amount according to proof at trial.

43. As a further, proximate result of the above-described conduct of the defendants, and each of them, and ensuing death of the decedent, Cedric Davis, funeral and burial expenses were incurred in an amount according to proof at trial.

44. Plaintiffs are entitled to, and hereby demands, costs, attorneys' fees and expenses pursuant to 42 *U.S.C.* 1988.

## SECOND CAUSE OF ACTION
## WRONGFUL DEATH
**(Against all DEFENDANTS by Plaintiffs Keidron Davis, Shianne Davis and Kareem Davis)**

45. Plaintiffs restate the allegations contained in Paragraphs 1 through 44

-10-

**SECOND AMENDED COMPLAINT FOR DAMAGES**

as though fully set forth herein.

46. On and between March 9, 2006 and March 11, 2006, the defendants negligently, carelessly and without reasonable care, failed to provide food, medical and other essential aid to Cedric Davis.

47. The defendants, also negligently touched and beat Cedric Davis in a manner resulting in his death.

48. As a direct and proximate result of the aforementioned conduct, plaintiffs suffered and continue to suffer the loss of financial support of Cedric Davis' earning capacity, all in an amount to be determined according to proof at trial.

49. As a direct and proximate result of the aforementioned conduct, plaintiffs suffered and continue to suffer the loss of Cedric Davis' love, companionship, comfort, affection, society and solace.

WHEREFORE, plaintiffs pray for judgment against all defendants as follows:

### **FIRST CAUSE OF ACTION**

1. For general damages in an amount to be determined according to proof at trial.

2. For medical and related expenses incurred in an amount to be determined according to proof at trial.

3. For punitive damages in an amount to be determined according to proof at trial.

4. For attorney's fees, pursuant to 42 *U.S.C.* 1988, investigative fees and expert witness costs incurred, in an amount to be determined according to proof at trial.

5. For such other and further relief as the Court deems just and proper.

**SECOND AMENDED COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

1. For general damages in an amount to be determined according to proof at trial.

2. For medical and related expenses incurred in an amount to be determined according to proof at trial.

3. For costs of suit incurred herein.

4. For such other and further relief as the Court deems just and proper.

Dated:   March 28, 2008           Respectfully submitted,

                                  THE SWEENEY FIRM


                                        /s/
                                  By:_____
                                       John E. Sweeney
                                       Attorney for PLAINTIFFS

**SECOND AMENDED COMPLAINT FOR DAMAGES**