1  John E. Sweeney   State Bar No. 116285
   Angela M. Powell  State Bar No. 191876
2  **THE SWEENEY FIRM**
   315 South Beverly Drive, Suite 305
3  Beverly Hills, California 90212
   Telephone:  310.277.9595
4  Facsimile:  310.277.0177
   E-mail:      jes@thesweeneyfirm.com
5              amp@thesweeneyfirm.com

6  Attorneys for PLAINTIFFS

7

                    **UNITED STATES DISTRICT COURT**
8
              **EASTERN DISTRICT OF CALIFORNIA, FRESNO**
9

10  KEIDRON DAVIS, a minor, by and          )  CASE NO.: 07-0180 OWW (sms)
    through his guardian ad litem REBECCA   )
11  CRYER; SHIANNE DAVIS, a minor, by       )
    and through her guardian ad litem       )  **PETITION FOR COMPROMISE**
12  REBECCA CRYER, KAREEM DAVIS,            )  **OF DISPUTED CLAIM OF**
    a minor by and through his guardian ad  )  **MINOR RE KEIDRON DAVIS**
13  litem, NALIN AVILA, CEDRIC DAVIS,       )
    JR. a minor by and through his guardian )
14  ad litem, SHANTEE ALEXANDER;           )
    TASHIYA DAVIS, a minor by and          )  **Date:        May 13, 2008**
15  through her guardian ad litem,          )  **Time:        11:00 a.m.**
    SHANTEE ALEXANDER,                     )  **Location:    Department 4**
16                                          )
                           *Plaintiffs*,    )
17              v.                          )
                                            )
18  MERCED COUNTY; MERCED                   )
    COUNTY JAIL; MERCED COUNTY              )
19  SHERIFF'S DEPARTMENT; T.ADAMS           )
    ARELLANO, NO. 5332; L. BARRON,          )
20  NO. 5361; R. BLODGETT, NO. 5316;        )
    B. GRIFFITH, NO. 5313; L. HALFORD,      )
21  NO. 5365; E. KIDD, NO. 5372;            )
    J.  MESSICK MELO, NO. 5346;             )
22  J. MILLER, NO. 5355; V. MOCKUS,         )
    NO. 5376; B. MUNGUIA, NO. 5373;         )
23  A. MURILLO, NO. 5353; ALEXANDER         )
    NGO, NO. 5340;  R. NORRIS, NO.5386;     )
24  MARK PACE, NO. 5320; R. ROMERO,         )
    NO. 5317;  M. SALACUP, NO. 5375;        )
25  B. SHAMBAUGH, NO. 5358;                 )
    F. SWAFFORD, NO. 5390;                  )
26  R. THORSEN,  NO. 5106; C. TILLEY,       )
    NO. 5328;  M. VERGARA, NO. 5378;        )
27  J. WATTERS, NO. 5366; and DOES 1        )
    through 50, inclusive,                  )
28                                          )
                           *Defendants*.    )

                              -1-

PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR RE KEIDRON DAVIS

The petition of REBECCA CRYER, Guardian Ad Litem for Keidron Davis, respectfully alleges:

1.      Name of minor:  Keidron Davis

2.      Age:  3            Date of Birth: October 10, 2004        Sex: Male

3.      Residence of Petitioner: 116 West Feemster Avenue

                                 Visalia, California 93277

4.      Residence of Minor:     116 West Feemster Avenue

                                 Visalia, California 93277

5.      Date of Incident: March 8 through March 11, 2006.

6.      Place of Incident: Merced County Jail, Merced County, California.

7.      Petitioner is the biological mother of Keidron Davis, and is solely
        responsible for the care and custody of said minor.

8.      An action has been filed on this claim, which is presently at issue.

9.      Said minor is the biological child of decedent Cedric Davis.  Decedent
        was an inmate at the Merced County Jail.  Decedent and defendant deputy
        sheriffs engaged in multiple struggles from March 8 through
        March 11, 2006.  After midnight on March 12, 2006, decedent was
        transported to Mercy Community Medical Center after suffering
        from cardiac arrest.  On March 18, 2006, decedent was pronounced dead at
        Mercy Community Medical Center.

10.     The use of force by said defendants and the cause of death was at issue.

11.     The complexity of the issues raised in this case required counsel with a vast
        amount of knowledge and experience in civil rights litigation.

12.     Plaintiffs' counsel, John E. Sweeney, has a longstanding reputation as a
        civil rights attorney.  He has handled numerous civil rights cases throughout
        his twenty-five year career, including such historic cases as *Settles v. City of
        Signal Hill*; *Mincey v. City of Los Angeles* and *Beatty v. City of Los Angeles*.

13.     Counsel has worked on this matter since his retention in April 2006.
        Counsel recognized that the nature of this case, that being the death of an

-2-

1   inmate, would require immediate pre-litigation investigation and extensive

2   post-litigation research and investigation.

3   14.   Counsel consulted with a police practices/jail death expert.

4        Counsel retained and consulted with a forensic pathologist who reviewed

5        a voluminous amount of medical records and the autopsy report.

6   15.   An extensive effort was also undertaken to ascertain the location of

7        decedent's biological children and to establish that each child was in fact

8        a lawful heir.

9   16.   Counsel's expertise and investigation into this matter allowed him to

10       educate the mediator as to Plaintiffs' position.

11  17.   It is counsel's opinion that the settlement reached was a fair compromise.

12  18.   As a result of said incident, said minor has a disputed claim for damages

13       against the above-named defendants, each of whom deny liability for the

14       injuries and damages suffered by said minor but by way of compromise

15       have offered to pay $650,000.00 to be divided equally amongst the children

16       of decedent Cedric Davis, in consideration of a full and final release and

17       discharge of and from all claims, charges and demands of said minor arising

18       from said incident.

19  19.   This petition was prepared by John E. Sweeney, representing Rebecca

20       Cryer, as Guardian ad Litem for Keidron Davis.  Said counsel hereby

21       represents to the court that he did not become concerned with this matter at

22       the instance of the party against whom the claim of said minor is asserted

23       and that he has not received, and does not expect to receive, any

24       compensation for his services in connection herewith from any person other

25       than the party whom he represents as herein stated, or the insurer of such

26       party.

27  20.   The injuries sustained by said minor as a result of said incident were as

28       follows: loss of comfort, society and support occasioned by the death of the

-3-

1   biological father resulting from the acts as stated above.

2   21.   Said minor has not received any form of medical treatment of said injuries.

3   22.   Petitioner is informed and believes that said minor received no physical

4         injuries, and has not sustained any permanent injury.

5   23.   Petitioner has made a careful and diligent inquiry and investigation to

6         ascertain the facts relating to said incident, the responsibility therefor, and

7         the nature, extent and seriousness of said minor's injuries.  Petitioner fully

8         understands that if the compromise herein proposed is approved by the court

9         and is consummated, said minor will be forever barred and prevented from

10        seeking any further recovery of compensation even though said minor's

11        injuries might in the future prove to be more serious than they are now

12        thought to be.

13  24.   Petitioner hereby recommends this compromise settlement to the court as

14        being fair, reasonable, and in the best interests of said minor.

15  25.   The following items of expense have been incurred or paid, are reasonable,

16        resulted from said accident, and should be paid out of the proceeds of

17        settlement:

18  26.   Total Amount of Settlement

19        to be divided equally amongst

20        the children of decedent Cedric Davis. . . . . . . . . . . . . . . . . . . . . $650,000.00

21        Total of allowances for fees and costs:

22        Attorneys' fees (1/3 of Settlement). . . . . . . . . . . . . . . . . . . . . $216,666.66

23        Costs. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $7,568.80

24        See Exhibit "A" for itemization of costs.

25        Balance of the settlement sum

26        to be divided equally amongst

27        the children of decedent Cedric Davis. . . . . . . . . . . . . . . . . . . . . $425,764.54

28  ///

PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR RE KEIDRON DAVIS

1  Balance of the settlement sum

2  to said minor Keidron Davis............................................**$85,152.90** Said

3  sum is to be deposited in an annuity in the minor's name, to be funded by

4  Hartford Life Insurance Company, in accordance with the terms and

5  payment schedule set forth herein as Exhibit "B."

6

7       WHEREFORE, petitioner prays that the court makes its order approving

8  said compromise, and for such other and further order as the court may deem

9  reasonable and proper.

10

11  Dated:  May 7, 2008                    Respectfully submitted,

12                                          **THE SWEENEY FIRM**

13

14

15                          By:_____/S/_____
                                 John E. Sweeney
16                               Angela M. Powell
                                 Attorneys for PLAINTIFFS
17

18

19

20

21

22

23

24

25

26

27

28

PETITION FOR COMPROMISE OF DISPUTED CLAIM OF MINOR RE KEIDRON DAVIS